[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Joseph Giordano, acted at his peril, in making payments (1) in cash to the plaintiff, Sharon Giordano, (2) in making payments directly to Sharon Giordano (now deceased), and (3) in making payments, cash or otherwise, to Mr. Fanton.
The magistrate held two lengthy hearings in this matter. The testimony of the support enforcement witnesses was confused and confusing, leaving much to be desired in the record keeping. CT Page 11299
The state support enforcement witnesses never answered the question — if the state contributes assistance less than the defendant is ordered to pay, and the defendant pays the higher order, where does the excess payment go?
The magistrate had the ability to size up the witnesses and observe their demeanor and, most especially, to weigh their credibility.
The magistrate has made his findings based on the facts as he heard them and as he perceived them. The facts and testimony were most certainly convoluted and this court could not rule that the magistrate's decision and findings were clearly erroneous even if this court would have a different perception of the facts.
This court cannot substitute its own opinions for the findings of the magistrate, although it might disagree with the conclusions or would have found differently had the court been sitting as the fact finder. The case law is legendary on this issue.
The magistrate took into account the total arrears and the total state aid paid to the plaintiff, Sharon Giordano. The magistrate gave the defendant credit for the income tax intercepts and alimony and credit during the time the defendant had custody of the children. CT Page 11300
The magistrate gave the defendant credit for some direct payments but chose to disregard the testimony of the defendant and his witness with respect to direct cash payments.
Unfortunately for the defendant, he chose not to make his payments through the state and chose to make direct cash payments to the plaintiff, Sharon Giordano, without a receipt back. Perhaps Mrs. Giordano was receiving payments from both sources. The defendant acted at his own peril.
The arrearage of $725 as claimed by the state took into account that the defendant was already given a credit for the income tax intercept totaling $12,095.30. The magistrate found only that the defendant made eight payments of $100 each over a two year period ($800). The magistrate chose not to give credibility to the testimony of the defendant in which he testified that he had given cash directly to Sharon Giordano.
In order for the defendant to receive back his income tax intercept of $12,095.30, the magistrate would have had to give full credibility to the defendant's testimony of direct cash payments. The magistrate has wide latitude in determining credibility and in his interpretation of the evidence.
For all of the above, the appeal is dismissed. Petition for review is denied.
No costs are taxed to the defendant.
The Court
By Coppeto, J.